IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-158-GKF |
| ) | |
| MICHAEL LYNN CRISP, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is the Motion to Vacate, Set Aside or Correct Sentence [Dkt. #56] filed by defendant, Michael Lynn Crisp ("Crisp"). Plaintiff United States of America ("United States") has filed a Motion to Dismiss defendant's motion. [Dkt. #62].

**Background/Procedural Status**

On September 4, 2008, a one-count indictment charged Crisp with possession with intent to distribute 50 grams or more of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a)(iii). [Dkt. #10]. The court appointed Federal Public Defender Stephen Greubel ("Greubel") to represent him. [Dkt. #6]. Crisp filed a Motion to Suppress all evidence seized during the search of his mother's home in Tulsa on August 10, 2008 [Dkt. #17] and a Motion to Suppress self-incriminating statements he made to law enforcement officers during a custodial interrogation the same day. [Dkt. #19]. Both motions were denied. [Dkt. #25].

On November 25, 2008, Crisp pleaded guilty to Count One of the indictment. [Dkt. #30]. His plea was entered pursuant to a plea agreement with the government in which he reserved his

right to appeal from a sentence exceeding the statutory maximum and the right to appeal the denial of his suppression motions, but otherwise waived his right to appeal his conviction or sentence. [Dkt. #33 at 3]. The plea agreement stated: "The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." [*Id.*].

On April 10, 2009, the court sentenced Crisp to 276 months of imprisonment. [Dkt. #42 at 2]. Crisp appealed the denial of his motion to suppress self-incriminating statements, and the Tenth Circuit affirmed the court's denial. *United States v. Crisp*, 371 F. App'x 925, 926 (10th Cir. April 5, 2010). Crisp did not seek rehearing or certiorari.

On May 7, 2012, Crisp, acting *pro se*, moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In the motion, he raised two grounds: (1) a prior conviction was improperly used to enhance his sentence; and (2) the search of his mother's house, which led to his arrest, violated the Fourth Amendment. [Dkt. #56 at 6-7]. The court ordered the government to respond to the motion, and the government, in response, filed a Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 arguing (1) the motion was filed beyond the statute of limitations for filing § 2255 motions, and (2) the motion is barred by the collateral rights waiver in Crisp's plea agreement. [Dkt. #62]. Subsequently, Texas attorney Jeremy Gordon entered an appearance on behalf of Crisp [Dkt. #63] and filed a Reply to Government's Motion to Dismiss and Motion for Leave to Amend. [Dkt. #71], in which he asserted (1) the § 2255 motion was not barred by the statute of limitations; (2) the plea agreement waiver is unenforceable because the government offered nothing in return for Crisp's agreement to waive his rights and plead guilty to the quantity of 680 grams of cocaine base, thereby waiving any

2

rights under Rule 11(d) and (e) to withdraw his guilty plea; and (3) counsel provided ineffective assistance on appeal for failing to appeal Crisp's denial of the motion to suppress evidence found as a result of the warrantless search of his mother's home.

## Discussion

Crisp's motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitation period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), the deadline for filing § 2255 motion is one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Tenth Circuit denied Crisp's appeal on April 5, 2010, and Crisp did not seek certiorari. "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). The 90-day period for filing a petition for writ of certiori "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate." *United States v. Richardson*, No. 99-7152, 215 F.3d 1338, 2000 WL 676009, at *1 n. 1 (10th Cir.

3

May 24, 2000). Accordingly, the one-year statute of limitations for filing a § 2255 motion began to run on July 6, 2010, when the 90-day period for filing a petition for certiorari ended, and it expired on July 6, 2011. Crisp did not file the pending motion until May 7, 2012—well outside the one-year period.

Citing *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), Crisp argues that § 2255(f)(3) is applicable. Both *Lafler* and *Frye* involved the Sixth Amendment right to effective assistance of counsel in the plea bargaining process. As the Tenth Circuit has explained:

> *Frye* held that counsel's failure to inform his client of a plea offer may constitute ineffective assistance of counsel. *Lafler* held that an attorney who rendered constitutionally deficient advice to reject a plea bargain was ineffective where his advice cause his client to reject the plea and go to trial, only to receive a much harsher sentence.

*In re Graham*, 714 F.3d 1181, 1182 (10th Cir. 2013). But in *United States v. Lawton*, 2012 WL 6604576 (10th Cir. Dec, 19, 2012), the Tenth Circuit found that the Supreme Court's decisions in *Lafler* and *Frye* did not extend the limitations period provided by §2255(f)(3) because neither decision announced a "newly recognized" right (denying application for certificate of appealability of district court decision dismissing § 2255 motion as untimely). *See also Graham*, 714 at 1182 (holding that *Frye* and *Lafler* did not trigger a right to file a second or successive motion under 28 U.S.C. § 2255(h)(2) because the decisions did not establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.")

## Certificate of Appealability

The *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final

4

order adverse to the applicant." Rule 11. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. That standard demands that the issues raised are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel,* 529 U.S. 473 (2000); *United States v. Blackstock*, 2012 WL 3646936 (N.D. Okla. Aug. 23, 2012).

Here, the Court denies a certificate of appealability. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## Conclusion

The government's Motion to Dismiss [Dkt. #62] is granted. Defendant's Motion to Vacate, Set Aside or Correct Sentence [Dkt. #56] is dismissed as untimely. A certificate of appealability is denied.

ENTERED this 15th day of November, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5